UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00509-JLS-KES                                               Date: June 25, 2020
Title: Heidi Shank v. FCA US LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                         Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 11)**

Before the Court is Plaintiff's Motion to Remand this case to Orange County Superior Court, currently set for hearing on June 26, 2020, at 10:30 a.m. (Mot., Doc. 11; Mem., Doc. 11-1.) Defendant FCA US LLC ("FCA") opposed. (Opp'n, Doc. 13.) Plaintiff did not reply. For the following reasons, the Court DENIES Plaintiff's Motion.[1]

## I.  BACKGROUND

Plaintiff filed this "lemon law" action in Orange County Superior Court on February 7, 2020. (Compl., Doc. 1-2.) In the Complaint, Plaintiff alleges that FCA violated California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") by selling Plaintiff a defective vehicle, failing to repair the vehicle "after a reasonable number of attempts," and then refusing to repurchase the vehicle or otherwise make restitution to Plaintiff. (*See id.* ¶¶ 8–11.)

FCA removed the case to this Court on March 12, 2020, asserting diversity jurisdiction. (Notice of Removal ("NOR"), Doc. 1.)

---

[1] The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for June 26, 2020, at 10:30 a.m., is VACATED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00509-JLS-KES                                              Date: June 25, 2020
Title: Heidi Shank v. FCA US LLC et al.

## II.     LEGAL STANDARD

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Therefore, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332(a).  However, courts "strictly construe the removal statute against removal jurisdiction" and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III.    DISCUSSION

Plaintiff contends that remand is necessary because (1) removal was untimely and (2) "Defendant's counsel was unable to demonstrate that Defendant can meet its burden [of showing removal is proper] during the conference of counsel required by Local Rule 7-3."  (Mem. at 2.)  The Court takes Plaintiff's second argument to mean that Plaintiff finds FCA's allegations of jurisdictional facts insufficient.  Plaintiff's arguments are unavailing.

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).

Here, Plaintiff confirms that FCA removed this action within § 1446's first thirty-day window.  (*See* Mem. at 3.)  But she takes issue with the fact that, to establish diversity of citizenship, FCA relied on Plaintiff's address as identified in her sale agreement—*i.e.*, "on information not within the four corners of the Complaint."  (*Id.* at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00509-JLS-KES                                                   Date: June 25, 2020
Title: Heidi Shank v. FCA US LLC et al.

4.)  Therefore, Plaintiff argues, Defendant's removal was "untimely," or premature.  (*See id.*)

Plaintiff relies for this argument on the Ninth Circuit's holding in *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005), from which she quotes the following (Mem. at 3):

> [N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings . . . .  Thus, the first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal.  If no ground for removal is evident in that pleading, the case is "not removable" at that stage.

*Id.* at 694.  In *Harris*, the Ninth Circuit set out to determine "whether, under 28 U.S.C. § 1446(b), the burden lies with the defendant to investigate the necessary jurisdictional facts within the first thirty days of receiving an indeterminate complaint, or whether the determination be limited to the face of the initial pleading." *Id.* at 693.  The answer, the Ninth Circuit held, is that defendants do not have a duty to investigate the necessary jurisdictional facts.  *See id.* at 694.  Rather, "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Id.* at 695.  And "[i]f no ground for removal is evident in that [initial] pleading, the case is 'not removable' [under § 1446] at that stage." *Id.* at 694.

However, as Defendant points out, *Harris* is best interpreted as a shield for defendants where plaintiffs fail to set forth jurisdictional facts.  Nothing in *Harris precludes* Defendant from investigating jurisdictional facts and removing based on that investigation, which is what happened here.  FCA alleges in its Notice of Removal that Plaintiff is a citizen of California based on information contained in the sale agreement between Plaintiff and the dealership.  (*See* NOR ¶ 22; Mayo Decl. ISO NOR, Doc. 1-1 ¶ 11.)  And, in its opposition, FCA explains that "during its investigation of the case, Defendant received a copy of Plaintiff's contract for purchase of the [subject] vehicle . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00509-JLS-KES                                         Date: June 25, 2020
Title: Heidi Shank v. FCA US LLC et al.

which clearly demonstrated Plaintiff's residency and citizenship." (Opp'n at 5.) Accordingly, timeliness is not an issue.[2]

Plaintiff's further argument—however inartfully articulated—seems to be that FCA's jurisdictional allegations in its Notice of Removal are insufficient. But Plaintiff does not specifically challenge any of FCA's jurisdictional allegations, instead asserting a facial challenge to the notice of removal. (*See* Mem. at 5.) As to diversity of citizenship, "when a defendant's allegations of citizenship are unchallenged, nothing more is required." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019), *cert. denied*, 206 L. Ed. 2d 497 (Mar. 30, 2020). Here, FCA alleges that Plaintiff is a citizen of California and FCA is not.[3] (*See* NOR ¶¶ 22–23.) The Court is therefore satisfied that complete diversity exists.

---

[2] Regardless of the ripeness issue Plaintiff raises, a "second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Carvalho*, 629 F.3d at 885 (quoting 28 U.S.C. § 1446(b)(3)). The sale agreement would constitute such "other paper."

[3] As to itself, FCA alleges that it is "a limited liability company organized under the laws of the State of Delaware with its principal place of business in Michigan." (NOR ¶ 23.) But, as a limited liability company, FCA "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Therefore, FCA does not provide enough information to establish its citizenship. FCA's counsel has now made this same mistake in at least three cases before the Court, including the present case. *See Maloney v. FCA US LLC*, No. 20-cv-639 (C.D. Cal. 2020); *Dalton v. FCA US LLC*, No. 20-cv-694 (C.D. Cal. 2020). The Court issued orders to show cause regarding remand in both *Maloney* and *Dalton*, to which FCA's counsel responded with the necessary information. The Court therefore knows that none of FCA's owner or member entities are citizens of California. *Cf. United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases[.]"). Still, the Court advises FCA's counsel that making the same mistake in another case may result in immediate remand of the case. The Court also notes that FCA *twice* failed to attach the sale agreement to its papers in this case, once to the Notice of Removal and once to the Gregg Declaration in support of FCA's Opposition (Doc. 14). FCA's counsel should take care that its future filings are not carried out in such a slapdash manner.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-00509-JLS-KES | Date: June 25, 2020 |
| Title: Heidi Shank v. FCA US LLC et al. | |

As to the amount in controversy, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co.* v. *Owens*, 574 U.S. 81, 87 (2014). Indeed, Plaintiff's facial challenge is especially bizarre considering that in her Complaint, she explicitly seeks at least $159,000 in damages. (*See* Compl. at 4; *see also Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (explaining that "facts alleged in the complaint . . . are to be taken as true for purposes of calculating the amount in controversy" (citing *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004))).)

Accordingly, the Court finds FCA's jurisdictional allegations sufficient. Remand is therefore unwarranted.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand.

Initials of Preparer: tg